IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2980-D |
| | § | |
| COPART, INC., | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Copart, Inc. has filed a Motion to Compel Deposition of Plaintiff Tyrone Harris. *See* Dkt. No. 30 (the "MTC"). United States District Judge Sidney A. Fitzwater has referred the MTC to the undersigned United States magistrate judge for a hearing, if necessary, and for determination under 28 U.S.C. § 636. *See* Dkt. No. 31.

The Court held a telephonic oral argument on the MTC on December 21, 2017, in which Mr. Harris and Copart's counsel participated. *See* Dkt. No. 32.

For the reasons and to the extent explained below, the Court GRANTS Defendant Copart, Inc.'s Motion to Compel Deposition of Plaintiff Tyrone Harris [Dkt. No. 30].

### **Background**

The pertinent factual background is familiar to the parties, but the Court will recount the procedural history as Copart summarized it:

1. Plaintiff's original Complaint was filed with the court (pro se) on November 22, 2016 (DKT. 9).

2. Plaintiff filed an Amended Complaint for employment discrimination (pro se) on January 27, 2017 (DKT. 11).
3. On March 30, 2017, Garrick A. Farria, Esq. filed an appearance of counsel on behalf of Plaintiff Tyrone Harris (DKT. 19).
4. On April 24, 2017, the Court entered a Scheduling Order for this case (DKT. 23). Pursuant to the Scheduling Order, the Parties were ordered to complete discovery by no later than December 15, 2017, and file a motion for summary judgment, if any, no later than January 19, 2018.
5. On or about May 12, 2017, Garrick A. Farria, Esq. filed Plaintiff's Attorney's Motion to Seek Leave to Withdraw as Counsel of Record (DKT. 25).
6. On June 14, 2017, the Court granted Plaintiff's Attorney's Motion to Seek Leave to Withdraw as Counsel of Record (DKT. 28). In this same Order, the Court acknowledged that Plaintiff was once again proceeding in the case pro se.
7. On December 6, 2017, Defendant served Defendant's Notice of Deposition of Plaintiff Tyrone Harris on Plaintiff (*See* pages 1-3 of the Appendix of Evidence in Support of Defendant's Motion to Compel ("APP."), which has been filed concurrently herewith).
8. On Monday, December 11, 2017, at 6:59 p.m., Plaintiff acknowledged via email that he had received the Notice of Deposition on December 7, 2017. (App. pg. 6). However, in this same email, Mr. Harris stated "I'm going to need to reschedule the date and time [of his deposition] because I'm in the process of getting a lawyer." *Id.*
9. In response, on Tuesday, December 12, 2017, at 9:34 a.m., undersigned counsel emailed Plaintiff, in order to remind him the discovery deadline in the case was Friday, December 15, 2017, notify him that it might not be possible to reschedule his deposition, and request that Plaintiff contact counsel for Defendant by telephone to discuss the issue in greater detail. (App. pg. 5).
10. On Wednesday, December 13, 2017, at 10:23 a.m. (not having received response from Plaintiff), undersigned counsel forwarded another email to Plaintiff, in which counsel reminded Plaintiff that the Court had acknowledged he would be proceeding pro se, in its June 2017 Order, and again requested that Plaintiff contact Defendant's counsel. (App. pg. 5). Case 3:16-cv-02980-D Document 30 Filed 12/15/17 Page 2 of 6 PageID 92
11. On Wednesday, December 13, 2017, around 5:00 p.m., counsel for Defendant was able to contact Mr. Harris via telephone and discuss the issues surrounding his deposition. (App. pgs. 4-5). Mr. Harris indicated he did not want to participate in his deposition

prior to the middle of January 2018, in order to allow him sufficient time to find a new attorney. *Id.* Counsel for Defendant attempted to compromise with Plaintiff by proposing that it might be possible to reschedule Plaintiff's deposition, if the Parties could agree that the rescheduled deposition would take place on or before Friday, December 29, 2017 (i.e., 21 days prior to the deadline for motions for summary judgment). *Id.* Counsel for Defendant also explained to Plaintiff that he was already committed for business meetings, as well as numerous depositions in another case, through January 19, 2017. *Id.* Thus, the Parties were not able to reach an agreement regarding the rescheduling of Plaintiff's deposition and Plaintiff reaffirmed that he would not appear at his scheduled deposition, on December 14, 2017. *Id.*

12. On Thursday, December 14, 2017, at 1:32 a.m., Secilia Harris responded to defense counsel's last email and stated Mr. Harris needed more time to locate and retain a lawyer and also stated (for the first time) that Plaintiff's refusal to appear for his deposition on December 14, 2017 was based, in part, on his work schedule. (App. pg. 4). Secilia Harris did not respond to defense counsel's offer to explore a rescheduling of Plaintiff's deposition on or before Friday, December 29, 2017. *Id.*

13. On Thursday, December 14, 2017, at 9:58 a.m., counsel for Defendant replied to Secilia Harris' email (on which Plaintiff was copied) and stated: Defendant would still be willing to discuss a rescheduling of the deposition by agreement (to be taken on or before December 29, 2017); the deadline for motions for summary judgment was January 19; counsel for Defendant was unavailable between January 1-19, 2018 to take Plaintiff's deposition; that the fact Plaintiff was not represented by an attorney was not a legitimate reason to delay his deposition; and that Defendant would be required to file a motion to compel Plaintiff's attendance at a deposition – to be taken on or before Friday, December 29, 2017. (App. pg. 4). Counsel for Defendant also requested that Plaintiff communicate, at his earliest convenience, whether he opposed the motion to compel. *Id.*

14. On Friday afternoon, December 15, 2017, counsel for Defendant again attempted to contact Plaintiff via telephone, but was not able to reach him. As of the time this motion was filed, Plaintiff had not responded to counsel for Defendant's last voicemail or email.

Dkt. No. 30 at 1-4.

During the telephonic oral argument, Mr. Harris explained that he does not feel comfortable proceeding, including at a deposition, without legal representation; that he is now working to find a lawyer to represent him in this case and needs more time to secure legal representation, particularly in light of lawyers' somewhat limited availability over the holidays; and that it would be a great inconvenience and burden for him to take a day off of his work to appear for a deposition at the risk of losing his employment.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 37(a) generally governs motions to compel discovery but does not, by its terms, address a motion to compel a party to appear for a deposition. *See* FED. R. CIV. P. 37(a). The only recourse expressly provided under the Federal Rules for a party seeking another party's deposition is to properly notice the deposition and file a motion under Rule 37(d)(1)(A) if and when the deponent fails to appear. *See generally Robinson v. Dallas Cty. Cmty. Coll. Dist.*, No. 3:14-cv-4187-D, 2016 WL 1273900, at *2 (N.D. Tex. Feb. 18, 2016).

But, "[u]nlike Rule 37, which allows a court to grant a motion to compel only after a party has failed to appear for a properly noticed deposition, [Federal Rule of Civil Procedure] 26(c)(1) allows a party or nonparty from whom discovery is sought to move for a protective order so long as that person has 'in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.'" *Dang ex rel. Dang v. Eslinger*, No. 6:14-cv-37-Orl-21TBS, 2014 WL 3611324, at *2 (M.D. Fla. July 22, 2014). Under Federal Rule of Civil Procedure

26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985).

"Under somewhat similar circumstances, even where the movant has not served a notice of deposition or subpoena, other courts have treated a response to a motion to compel a deposition as a motion for a Rule 26(c)(1) protective order or have otherwise decided the fully-briefed issues so long as they were sufficiently defined and concrete." *Robinson*, 2016 WL 1273900, at *4. And, here, where Mr. Harris is effectively asking for a protective order from taking his deposition in the time frame that Copart seeks to take it and the issues have been fully argued to the Court, and in light of "the expiration of the discovery period," "the Court elects to follow these courts' lead, treat [Mr. Harris's] response as a request for a Rule 26(c)(1) protective order, and address the merits of the dispute as to whether [Mr. Harris] should be ordered to [appear] for a deposition." *Id.* at *5.

As the Court explained during the telephonic oral argument, what Mr. Harris needs is an extension of the deadlines in this case, and that requires him to file a motion directed to Judge Fitzwater as soon as possible. But, unless the dispositive motion deadline is extended, the Court cannot find good cause to prevent Copart from taking Mr. Harris's deposition by December 29, 2017, three weeks before the deadline for filing a summary judgment motion.

The Court understands Mr. Harris's desire to be represented by a lawyer in this case and his concern about missing work. But, as the Court explained on the telephonic conference, in this employment discrimination case brought by Mr. Harris, Copart is entitled to take Mr. Harris's deposition in this case brought by Mr. Harris and to do so in sufficient time for Copart's counsel to decide whether and how to move for summary judgment. That that may need to happen – absent an extension of any deadlines – with Mr. Harris proceeding *pro se* and needing to miss a day of work is unavoidable under the present circumstances and does not amount to annoyance, embarrassment, oppression, or undue burden or expense that would justify precluding Copart's taking Mr. Harris's deposition.

**Conclusion**

For the reasons and to the extent explained above, the Court GRANTS Defendant Copart, Inc.'s Motion to Compel Deposition of Plaintiff Tyrone Harris [Dkt. No. 30], and Copart may notice Mr. Harris's deposition for December 29, 2017, at which Mr. Harris must appear unless the parties reach an agreement in advance to put off the deposition.

And Mr. Harris is warned that Federal Rule of Civil Procedure 37(d)(1)(A) provides that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under [Federal Rule of Civil Procedure] 26(c)." FED. R. CIV. P. 37(d)(2). Under Rule 37(d), "[s]anctions may include any of the orders listed in [Federal Rule of Civil Procedure] 37(b)(2)(A)(i)-(vi)," and, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).

Additionally, Federal Rule of Civil Procedure 37(b)(2)(A) provides that, "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the

action or proceeding in whole or in part; [or] (vi) rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A)(i)-(vi). Rule 37(b)(2)(C) further requires that, "[i]nstead of or in addition to the orders [described under Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

SO ORDERED.

DATED: December 21, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE