IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2980-D |
| | § | |
| COPART, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Copart, Inc., invoking Federal Rules of Civil Procedure 37(b), 37(d), and 41(b), has filed a Motion to Dismiss Plaintiff Tyrone Harris's Claims [Dkt. No. 40] (the "Motion to Dismiss"). United States District Judge Sidney A. Fitzwater has referred the Motion to Dismiss to the undersigned United States magistrate judge for a hearing, if necessary, and for recommendation under 28 U.S.C. § 636(b)(1)(B). *See* Dkt. No. 41.

Mr. Harris filed a response in opposition. *See* Dkt. No. 44. Copart filed a reply brief. *See* Dkt. No. 49. And the Court held a hearing on the Motion to Dismiss on January 31, 2018, at which Mr. Harris and Copart's counsel appeared. *See* Dkt. No. 50.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the Motion to Dismiss.

**Applicable Background**

The pertinent factual background of this case leading up to the Court's ordering

-1-

that Mr. Harris must appear for his deposition is both familiar to the parties and, as Copart summarized it, set out in the December 21, 2017 Memorandum Opinion and Order that granted Copart's motion to compel Mr. Harris's deposition. *See* Dkt. No. 34 at 1-3 (quoting Dkt. No. 30 at 1-4).

That order authorized Copart to "notice Mr. Harris's deposition for December 29, 2017, at which Mr. Harris must appear unless the parties reach an agreement in advance to put off the deposition," and included the following admonitions:

> Mr. Harris is warned that Federal Rule of Civil Procedure 37(d)(1)(A) provides that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under [Federal Rule of Civil Procedure] 26(c)." FED. R. CIV. P. 37(d)(2). Under Rule 37(d), "[s]anctions may include any of the orders listed in [Federal Rule of Civil Procedure] 37(b)(2)(A)(i)-(vi)," and, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).
>> Additionally, Federal Rule of Civil Procedure 37(b)(2)(A) provides that, "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; [or] (vi) rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A)(i)-(vi). Rule 37(b)(2)(C) further requires that, "[i]nstead of or in addition to the orders [described under Rule

37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

*Id.* at 6-8.

Here is what happened next, according to Copart:

On December 22, 2017, plaintiff Tyrone Harris filed a "Response" pertaining to Defendant's Motion to Compel the deposition of Plaintiff Tyrone Harris.
 On December 28, 2017, Judge Sidney A Fitzwater entered an order, which treated plaintiff's December 22, 2017 "Response" to court order to compel as plaintiff's objections to the magistrate judge's December 21, 2017 Memorandum Opinion And Order, and affirmedMagistrate Judge David L. Horan's December 21, 2017 Memorandum Opinion And Order. On Thursday, December 28, 2017, at 10:02 a.m., counsel for defendant emailed plaintiff Tyrone Harris a courtesy copy of the December 28, 2017 order entered by Judge Sidney A. Fitzwater. In this same email, counsel for defendant also attached another copy of Magistrate Judge David L. Horan's December 21, 2017 Memorandum Opinion and Order, as well as Plaintiff's Second Amended Deposition Notice (which was also served on plaintiff via US Mail and Certified Mail, Return Receipt Requested).
 On Thursday, December 28, 2017, at 10:44 PM, plaintiff Tyrone Harris confirmed via email that he would attend his scheduled deposition on Friday, December 29, 2017. On Friday, December 29, 2017, counsel for defendant responded to plaintiff's email and confirm[ed] the deposition would proceed as noticed. On Friday, December 29, 2017, plaintiff's deposition began at the scheduled time and place. However, it immediately became clear to counsel for defendant that plaintiff would not agree to answer any substantive questions propounded to him during the deposition. Nor would he agree to review, examine and/or discuss any of the exhibits utilized during Plaintiff's deposition. A complete copy of the transcript of plaintiff's deposition on Friday, December 29, 2017 has been included in the Appendix for the court's review and consideration.
 In summary, however, key points from Plaintiffs deposition transcript include, but are not limited to, the following:
> Q Okay. Mr. Harris, I'm handing you a copy of what I've marked as Exhibit Number 6, and this is Defendant's First Set of Interrogatories to Tyrone Harris.

-3-

> A Tyrone.
> Q I'm sorry, Tyrone. And again, can you please pull that back in front of you for just a second?
> A I cannot do - - I cannot do it without a legal representation.
> Q The question I have is simply: Did you even receive a copy of Exhibit Number 6?
> A I cannot answer that question without legal representation, no question at all without legal representation. And I'm stating this for the record, I cannot due to I'm not qualified to represent myself.
>
> Pl.'s Dep. at 18:25-19:14.
>
> Q Are there any questions regarding your claim of retaliation against Copart that I could ask you today that you would answer?
> A Not without legal representation, sir.
> Q And are there any questions that I could ask you about subsequent employment after Copart that you could respond to today?
> A No, sir, not without legal representation.
> Q Would you respond to any sort of questions about what potential damages you may have had as a result of the alleged discrimination or retaliation?
> A Not without legal representation, no questions at all without legal representation.
> Q So there's absolutely no subject on which you would answer questions that have had anything to do with this lawsuit today?
> A Not without legal representation, sir.
> Q Alright. I think at this point then I'm going to terminate the deposition.
>
> Pl.'s Dep. at 20:20-21:13.
>
> On Friday, December 29, 2017, plaintiff filed two documents with the Court. One of the documents purportedly related to plaintiff's efforts to retain an attorney, and the second document requested a hearing regarding plaintiff's case.
>
> In response to these two filings, Judge Sidney A. Fitzwater entered an order on January 2, 2018, which denied plaintiff's request for a hearing without prejudice.

Dkt. No. 40 at 2-4 (record citations omitted).

Mr. Harris does not quarrel with Copart's account of the events that transpired

between the Court's entering the December 21, 2017 Memorandum Opinion and Order and Copart's filing the Motion to Dismiss. But, in his response to that motion, Mr. Harris asserts that Copart "filed the motion to dismiss because [he has] been unable to obtain an attorney":

> I have for several months been trying to obtain legal Counsel. I have filed papers with the Court letting the Court no that I don't have an Attorney and don't feel comfortable answering questions without an Attorney. I filed an answer with the Court letting the Court no that I don't have an Attorney and wanted more time to get an Attorney.
> The Defendant has tried to get me to answer questions about my Case without an Attorney. I am still seeking legal Counsel so that I may be properly represented in a Court of Law. For the reasons stated the Court should deny the pending motion.

Dkt. No. 44 at 1.

The parties' written submissions are consistent with the positions that they took at the January 31, 2018 hearing.

**Legal Standards and Analysis**

Rules 37(b) and 37(d)

"[D]ismissing the action or proceeding in whole or in part" is a sanction available when, for example, a party "fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A). It is not clear, however, that dismissal – or another sanction that may be imposed – under Rule 37(b) applies here. Mr. Harris did not disobey the letter of the December 21, 2017 Memorandum Opinion and Order, as that order required that Mr. Harris appear at a December 29, 2017 deposition noticed by Copart. *See* Dkt. No. 34 at 6. But the utility (to Copart) of Mr. Harris's appearance at that deposition implicates a separate provision of Rule 37.

"The only recourse expressly provided under the Federal Rules for a party seeking another party's deposition is to properly notice the deposition and file a motion under Rule 37(d)(1)(A) if and when the deponent fails to appear." Dkt. No. 34 at 4 (citing *Robinson v. Dallas Cty. Cmty. Coll. Dist.*, No. 3:14-cv-4187-D, 2016 WL 1273900, at *2 (N.D. Tex. Feb. 18, 2016)). Rule 37(d)(1)(A) also provides for sanctions – specifically, the same sanctions available under Rule 37(b)(2)(A)(i)-(vi) – if, for example, "a party ... fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i); *see* FED. R. CIV. P. 37(d)(3) (noting that, "instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust").

Through the Motion to Dismiss, Copart requests that the Court find that Mr. Harris's refusal to answer questions on the basis that he is currently without legal representation to be "constructive non-appearance" under Rule 37(d)(1)(A). Dkt. No. 40 at 6. In support of this position, Copart cites a decision of the United States Court of Appeals for the Third Circuit, *Black Horse Lane Associates, L.P. v. Dow Chemical Corp.*, 228 F.3d 275 (3d Cir. 2000). As characterized by another court of appeals, "when the Third Circuit affirmed an award of sanctions for constructive non-appearance of a Rule 30(b)(6) witness in *Black Horse Lane*, it was based on a record demonstrating that the Rule 30(b)(6) designee had done 'nothing except show his face,' 'refused to answer questions in an intelligent way,' 'refused to prepare,' 'and just literally thumbed

-6-

his nose at the defendants and, frankly, at the Court.'" *Baker v. St. Paul Travelers Inc. Co.*, 670 F.3d 119, 124 (1st Cir. 2012) (quoting *Black Horse Lane*, 228 F.3d at 300)).

The district court decision in *Black Horse Lane* – affirmed on appeal – "relied primarily" on precedent from this circuit: *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196 (5th Cir. 1993). *Black Horse Lane*, 228 F.3d at 300. And, as the First Circuit explained, in *Resolution Trust*,

> the Fifth Circuit found [that a Rule 30(b)(6) deposition] "presents a potential for abuse which is not extant where the party noticing the deposition specifies the deponent." *Resolution Trust*, 985 F.2d at 197. Because a corporation controls whom to designate for a Rule 30(b)(6) deposition, the Fifth Circuit concluded, the corporation should be subject to sanctions if it designates a witness who is not knowledgeable about the relevant facts. *Id.*

*Baker*, 670 F.3d at 124.

> Indeed, *Resolution Trust* appears to turn on this distinction:
>
> RTC seeks succor in the Second Circuit's decision in *Salahuddin v. Harris*, [782 F.2d 1127 (2d Cir. 1986),] in which the court determined that deponent's failure to answer questions at a deposition was not equivalent to a failure to appear. As viewed by the *Salahuddin* court, in a case where the deponent physically appears, "'the proper procedure is first to obtain an order from the court as authorized by Rule 37(a), directing him to be sworn and testify.'" [*Salahuddin*, 782 F.2d at 1131 (quoting *SEC v. Research Automation Corp.*, 521 F.2d 585, 588-89 (2d Cir. 1975)).]
>
> Were we here faced with a case involving the deposition of a natural person we might be inclined to agree with the reading of Rule 37(d) by our Second Circuit colleagues. The deposition of a corporation, however, poses a different problem, as reflected by Rule 30(b)(6).

*Resolution Trust*, 985 F.2d at 197 (footnotes omitted).

While – at least in the context of Rule 30(b)(6) – "[t]his circuit's pragmatic interpretation of the phrase 'fails ... to appear' in Rule 37(d) has been met with

approval by other circuits," *Ferko v. Nat'l Ass'n for Stock Car Racing, Inc.*, 218 F.R.D. 125, 143 & n.17 (E.D. Tex. 2003) (collecting cases, including authority rejecting the Fifth Circuit's Rule 30(b)(6)-based interpretation of Rule 37(d)), Copart does not explain why the holding in *Resolution Trust* (relied on by the Third Circuit in *Black Horse Lane*) should be expanded to the deposition of a *pro se* natural person. Indeed, here, the undersigned agrees that, before seeking sanctions – much less dismissal – under Rule 37(d), Copart first should have obtained an order under Rule 37(a) directing that Mr. Harris be sworn and testify. *Cf.* FED. R. CIV. P. 37(a)(3)(C) ("When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.").

That said, the undersigned does not condone Mr. Harris's reliance on his *pro se* status to avoid answering Copart's questions.

> The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. One who proceeds pro se with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, unless a liberal construction of properly filed pleadings be considered an enhanced right. Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.

*Brill v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) (per curiam) (citations omitted).

Regardless, for the reasons set out above, there is no basis to dismiss this action – or impose unspecified monetary sanctions – under Rules 37(b) and 37(d).

Rule 41(b)

Under Rule 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*,

837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile).

Here, given that the right-to-sue letter attached to the Second Amended Complaint [Dkt. No. 11] was issued on August 16, 2016 and it appears that Mr. Harris received the letter on that date, *see id.* at 7 – absent equitable tolling – "this case cannot be timely refiled once dismissed as more than ninety days have elapsed since [Mr. Harris] received [the] right-to-sue letter from the EEOC. Thus, dismissal of [this] case even without prejudice will operate as a dismissal with prejudice," *Dudley v.*

-9-

*Dallas Indep. Sch. Dist.*, No. 3:99-cv-2634-BC, 2001 WL 123673, at *3 (N.D. Tex. Jan. 12, 2001) (citations omitted); *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period." (citation omitted)).

As to dismissal with prejudice, the Fifth Circuit has "recognized that it is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (internal quotation marks omitted). Put another way, the Fifth Circuit has explained that a certain level of "recalcitrance" is required by its case law "for a dismissal with prejudice." *Coleman v. Sweetin*, 745 F.3d 756, 767 (5th Cir. 2014); *see, e.g.*, *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (explaining that a plaintiff's "decision not to comply with the district court's orders shows a clear record of purposeful, contumacious conduct and amounts to the stubborn resistance to authority justifying a dismissal with prejudice" and that "the lesser sanctions imposed by the district court – in the form of warnings that [the plaintiff's] failure to comply with its orders would lead to dismissal – did nothing to change her behavior, and so the continued imposition of additional lesser sanctions would not serve the best interests of justice" (internal quotation marks omitted)).

For the reasons stated above as to why dismissal under Rule 37(d) has not been established, Copart also fails to establish that Mr. Harris has a clear record of

-10-

purposeful, contumacious conduct amounting to the stubborn resistance to authority that requires that the Court dismiss this action – effectively with prejudice – under Rule 41(b). *Cf. Diamond v. Bon Secours Hosp.*, Civ. No. WMN-09-865, 2010 WL 2696632, at *7 (D. Md. July 6, 2010) (recommendation of then-Magistrate Judge Paul W. Grimm collecting authority to "combine the two tests in determining if dismissal is appropriate under Rules 37(d) and 41(b) because the legal standards for dismissal under both rules are virtually the same" (citations and internal quotation marks omitted)).

## Recommendation

The Court should deny Defendant Copart, Inc.'s Motion to Dismiss Plaintiff Tyrone Harris's Claims [Dkt. No. 40].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: February 6, 2018

                                                                    DAVID L. HORAN
                                                                      UNITED STATES MAGISTRATE JUDGE