IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2980-D |
| | § | |
| COPART, INC., | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Defendant Copart, Inc. has filed a motion for summary judgment, *see* Dkt. Nos. 45, 46, & 47, which United States District Judge Sidney A. Fitzwater has referred to the undersigned United States magistrate judge for hearing, if necessary, and for recommendation under 28 U.S.C. § 636(b)(1)(B), *see* Dkt. No. 52. Judge Fitzwater's referral order also prospectively refers to the undersigned all procedural motions filed by a party who supports or opposes the summary judgment motion that relate to that motion. *See id.*

The Court ordered Plaintiff Tyrone Harris, proceeding *pro se*, to file a written response and allowed Copart to file a reply brief. *See* Dkt. No. 53. Both were filed. *See* Dkt. Nos. 61 & 62. Copart then moved to strike portions of Harris's response. *See* Dkt. No. 63. Harris responded to the motion, *see* Dkt. No. 65, and also moved for leave to amend his complaint to add Larry Shaw (a manager in Copart and its summary judgment declarant) as a defendant, *see* Dkt. No. 64. Copart responded to both filings. *See* Dkt. No. 66.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny leave to amend, deny the motion to strike, grant the motion for summary judgment, and dismiss this action with prejudice.

## Applicable Background

Harris alleges that, while he was employed by Copart, he was discriminated against on the basis of his race and color because he "was excluded from key document information and key training" because he "was the only black person on the team in Dallas area." Dkt. No. 61 at 1; *see id.* at 2-4; *see also* Dkt. No. 11. He further alleges, in a conclusory manner, that Copart discriminated against him by terminating his employment, failing to promote him, applying unequal terms and conditions of his employment, and retaliating against him. *See* Dkt. No. 11 at 4.

The denial of training opportunities also underlies his claim of retaliation. *See, e.g.,* Dkt. No. 61 at 3 ("A demonstrable claim of retaliation; I was denied active training on [two devices] for new upgrade projects and new integrated projects.... I was newly assigned to the other projects in house (Dallas Corp-Office). This was done after training was provided for other coworker in the same group/team, but the same coworkers ... refuse[d] to travel and support the remote site regarding the training pertaining to the same jobs/projects in the field.... All associates in my group were given the opportunity to take [certain] training classes, but I was denied to take the classes. I was systematic denied because I was the only black in the group.").

Harris further asserts that he "was targeted for elimination shortly after filing with EEOC." *Id.* at 4.

-2-

Copart argues that it is entitled to summary judgment because Harris has failed to establish a prima facie case of discrimination – and, even if he has, he has not proven that the reason given for his termination was mere pretext – and because Harris has failed to establish a prima facie case of retaliation. *See* Dkt. Nos. 45, 46, 47, & 62. Its proffered reason for Harris's termination is that he violated company policy by refusing to follow direct orders and by exhibiting insubordination and unprofessional behavior. *See* Dkt. No. 47 (Larry Shaw Decl.), Ex. 9, at 15 & 47-55, "a true and correct copy of Copart Corrective Action Form (with supporting documents attached thereto), relating to the termination of Tyrone Harris, dated September 1, 2016." Harris fails to offer evidence to rebut this reason.

## Legal Standards

### I.    Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of

a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at

625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be

granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

II.    <u>Discrimination and Retaliation</u>

"Title VII prohibits discrimination 'because of' a protected characteristic, including race" and color. *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216, 219 (5th Cir. 2016) (citing 42 U.S.C. § 2000e-2(a)(1)). That statute similarly prohibits retaliation because an employee engages in protected activity. *See* 42 U.S.C. § 2000e-3(a); *Starnes v. Wallace*, 849 F.3d 627, 635 (5th Cir. 2017) ("[T]he ultimate question in a retaliation case [is] 'whether the defendant discriminated against the plaintiff *because* the plaintiff engaged in' protected conduct." (quoting *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996); emphasis in *Long*)).

In the absence of direct evidence of discrimination or retaliation, claims under

Title VII are analyzed under the framework set out by the United States Supreme

Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See McCoy v.*

*City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007); *Outley*, 840 F.3d at 216, 219.

Under this framework, a plaintiff must establish a prima facie case of discrimination

or retaliation before the case may proceed. *See McCoy*, 492 F.3d at 556.

> To establish a prima facie claim of discrimination, a plaintiff must show that he
>
> (1) is a member of a protected group; (2) was qualified for the position at
> issue; (3) was discharged or suffered some adverse employment action by
> the employer; and (4) was replaced by someone outside his protected
> group or was treated less favorably than other similarly situated
> employees outside the protected group.

*Id.* at 556 (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)); *Outley*,

840 F.3d at 216.

"[T]he third prong ... require[s] an 'ultimate employment decision' or its factual

equivalent." *Brooks v. Firestone Polymers, L.L.C.*, 640 F. App'x 393, 396-97 (5th Cir.

2016) (per curiam) (citing *McCoy*, 492 F.3d at 560; *Thompson v. City of Waco*, 764 F.3d

500, 503 (5th Cir. 2014)). This "judicially-coined term refer[s] to an employment

decision that affects the terms and conditions of employment ... such as hiring, firing,

demoting, promoting, granting leave, and compensating." *Thompson*, 764 F.3d at 503

(citations omitted); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62

(2006) (holding that the anti-discrimination provision of Title VII "explicitly limit[s] the

scope of that provision to actions that affect employment or alter the conditions of the

workplace").

And a plaintiff establishes a prima facie case of retaliation under Title VII by

showing that (1) he engaged in an activity protected under the statute; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *See McCoy*, 492 F.3d at 557; *Outley*, 840 F.3d at 219.

"[A] vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015) (quoting *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011) (per curiam) (collecting cases)). And, to establish the causation prong, "the employee should demonstrate that the employer knew about the employee's protected activity." *EEOC v. EmCare, Inc.*, 857 F.3d 678, 683 (5th Cir. 2017) (quoting *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 883 (5th Cir. 2003)).

> If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action. The employer's burden is only one of production, not persuasion, and involves no credibility assessment. If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose. To carry this burden, the plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer.

*McCoy*, 492 F.3d at 557 (footnotes omitted); *see, e.g., Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 827-28 (5th Cir. 2015) (affirming the district court's recognition that, even where a plaintiff establishes a prima facie case, an employer "would nevertheless be entitled to summary judgment if it 'articulated a legitimate, nondiscriminatory ... reason for its employment action' and [the plaintiff] could not show a triable issue of fact as to whether 'the employer's proffered reason is not true

but instead is a pretext' for a discriminatory purpose" (quoting *McCoy*, 492 F.3d at 557; original brackets omitted)).

## Analysis

### I.    <u>Leave to Amend</u>

The Court set July 11, 2017 as the deadline to join parties. *See* Dkt. No. 23. More than nine months after that deadline – and two weeks after briefing on Copart's summary judgment motion closed, *see* Dkt No. 62 – Harris, stating only that "the Court should freely give leave when justice so requires," moved, under Federal Rule of Civil Procedure 15, to add Larry Shaw as a party, Dkt. No. 64.

That Harris's untimely motion was filed only after Copart filed its summary judgment motion certainly implicates settled law in this circuit that "[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)). But, even if – crediting Harris's *pro se* status – the Court liberally construes the request to join Shaw as a standalone motion not made in a summary judgment response, the motion fails.

When the deadline to seek leave to join a party has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). To meet the good cause standard, the party must show that, despite his diligence, he could not reasonably have met the

scheduling order deadline. *See id.* at 535; *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." (internal quotation marks omitted)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (citations and internal quotation marks omitted)).

The Court considers four factors in determining whether to modify a scheduling order for good cause under Rule 16(b)(4) to grant leave to join a party: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997)); *accord Squyres*, 782 F.3d at 237. "The absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate 'good cause.'" *Barnes v. Sanchez*, No. 3:07-cv-1184-M, 2010 WL 5027040, at *1 (N.D. Tex. Dec. 2, 2010) (footnote omitted).

Only if a movant satisfies Rule 16(b)(4)'s requirements will the Court determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536; *cf. Lefall v.*

*Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994) ("recogniz[ing]" that, in addition to futility, untimeliness is a "valid reason" that is substantial enough to deny leave to amend (citing *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320-21 (5th Cir. 1991))).

Here, the factors weigh strongly against granting Harris leave to join Shaw as a defendant at this late stage of the litigation. As the United States Court of Appeals for the Fifth Circuit has recognized in an analogous context, "[t]o grant ... leave to amend is potentially to undermine [the non-amending party's] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint.... A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending [his] complaint." *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990) (internal quotation marks omitted); *see also Valcho v. Dallas Cty. Hosp. Dist.*, 658 F. Supp. 2d 802, 815 (N.D. Tex. 2009) ("This court has frequently found prejudice when a party seeks leave to amend after the opposing party has filed a motion for summary judgment." (collecting cases)); *Hunsinger v. Sko Brenner Am., Inc.*, No. 3:13-cv-988-D, 2014 WL 1462443, at *14 (N.D. Tex. Apr. 15, 2014) ("When leave to amend is sought after a summary judgment motion has been filed, courts routinely decline to permit the moving party to amend.").

The Court should therefore deny Harris's motion for leave to join a party.

II.    <u>Motion to Strike</u>

"A party properly supports a fact by citing to competent summary judgment evidence, but unauthenticated documents are not competent evidence." *Garcia v. U*

*Pull it Auto & Truck Salvage, Inc.*, No. 3:14-cv-3655-BN, 2016 WL 427382, at *1 (N.D. Tex. Feb. 4, 2016) (citing FED. R. CIV. P. 56(c)(1); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). Thus, "'[a]dequate summary judgment evidence'" includes "[d]eclarations and verified pleadings that are dated and made on penalty of perjury." *Grogan v. Kumar*, 873 F.3d 273, 279 (5th Cir. 2017) (quoting *Stewart v. Guzman*, 555 F. App'x 425, 431 (5th Cir. 2014) (per curiam)).

While, here, the operative, second-amended complaint is not verified, *see* Dkt. No. 11, and Harris has submitted with his summary judgment response further unverified materials, *see* Dkt. No. 61-6, 61-7, 61-8, 61-9, 61-10, 61-11, 61-12, & 61-13, he also has submitted several affidavits, *see* Dkt. Nos. 61-1, 61-2, 61-3, 61-4, & 61-5. But, to be competent (or adequate) summary judgment evidence, declarations and affidavits still must "be made on personal knowledge, set out admissible facts, and show that the [declarant or] affiant is competent to testify." *Joe Hand Promotions, Inc. v. Tequila Nights Private Club, Inc.*, No. 3:13-cv-1986-O-BN, 2014 WL 4102494, at *4 (N.D. Tex. Aug. 20, 2014) (citing FED. R. CIV. P. 56(c)(4)); *see also Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191-92 (5th Cir. 1991).

Copart moves to strike those portions of Harris's summary judgment evidence that are unverified or that are improper under Rule 56(c)(4). *See* Dkt. No. 63. But the Court need not strike this evidence, as the undersigned will address what consideration, if any, and what weight, if any, the Court should afford the challenged evidence. The Court should therefore deny the motion to strike as submitted but treat it as an objection accounted for in these findings, conclusions, and recommendation.

*See, e.g., Lewis v. LSG Sky Chefs*, No. 3:14-cv-3107-M-BN, 2016 WL 6902546, at \*5 (N.D. Tex. Oct. 26, 2016), *rec. accepted*, 2016 WL 6905960 (N.D. Tex. Nov. 22, 2016).

III.    Summary Judgment

    A.    **Discrimination**

    Harris alleges primarily that Copart's denying him training opportunities amounted to workplace discrimination and appears to assert that those denials blocked him from advancing at the company. But the Fifth Circuit has concluded that a similar claim – that "lack of training relative to non-African-American employees affected their compensation by decreasing their opportunity to earn overtime" – did not amount to an adverse employment action, finding "evidence insufficient because it only shows a potential, tangential effect on increased compensation." *Brooks*, 640 F. App'x at 397 (citations omitted). Harris does, however, assert that he was terminated based on his race and color.

    But, even if the Court accepts that Harris has established the first three prima-facie-case requirements – that he, as a member of a protected class who "was qualified for the position at issue," suffered an adverse employment action – he has not shown that he "was treated less favorably than other similarly situated employees outside the protected group." *McCoy*, 492 F.3d at 556. Quite simply, Harris fails to identify a proper comparator – an individual of a different race and color than him "under nearly identical circumstances" who was treated more favorably. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). Harris identifies white coworkers who he claims received the training that he was denied, but he fails to specify that these coworkers

were not terminated after violating the same company policies cited as the reason for his termination. *See id.* at 260 ("[C]ritically, the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions. If the 'difference between the plaintiff's conduct and that of those alleged to be similarly situated *accounts for* the difference in treatment received from the employer,' the employees are not similarly situated for the purposes of an employment discrimination analysis." (quoting, first, *Perez v. Tex. Dep't of Crim. Justice*, 395 F.3d 206, 213 (5th Cir. 2004), then *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001); emphasis added in *Lee*; footnotes omitted)); *accord Moore v. Univ. Miss. Med. Ctr.*, 719 F. App'x 381, 386-87 (5th Cir. 2018); *see also Noble v. Lear Siegler Svcs., Inc.*, 554 F. App'x 275, 276 (5th Cir. 2014) (per curiam) (rejecting an African-American plaintiff's claim that he established this prima facie element by asserting that "five Caucasian men in his unit kept their jobs" because he failed to "show that these comparators were under 'nearly identical circumstances'" by presenting "evidence regarding the comparators' job descriptions, qualifications, experience, work and disciplinary history, or other information that would indicate that they were similarly situated" (quoting *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001))); *Reyna v. Donley*, 479 F. App'x 609, 611-12 (5th Cir. 2012) (per curiam) ("An employee must proffer a comparator who was treated more favorably 'under nearly identical circumstances,' which is satisfied when 'the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status

-14-

determined by the same person, and have essentially comparable violation histories.'"
(quoting *Lee*, 574 F.3d at 260)).

Because Harris cannot establish a prima facie claim of race or color
discrimination, Copart is entitled to judgment as a matter of law as to this claim.

### B.    Retaliation

Harris asserts that he was "targeted for elimination shortly after filing with
EEOC." Dkt. No. 61 at 4. But, even if the Court accepts that the first two prongs of a
prima facie case of retaliation are met, Harris – by offering no evidence that
demonstrates that his employer knew of his protected activity – fails as to the
causation prong. *See EmCare*, 857 F.3d at 684. "Generally, this requires some showing
that the decisionmaker – the individual 'who actually made the decision or caused the
decision to be made' – was aware of the activity." *Id.* (quoting *Russell v. McKinney
Hosp. Venture*, 235 F.3d 219, 227 (5th Cir. 2000)); *see also id.* (noting that "[a]
decisionmaker's awareness may be established by circumstantial evidence").

At best, Harris alleges that his termination was temporally proximate to his
filing of an EEOC charge. *See* Dkt. No. 61 at 4. But that charge was filed on February
1, 2016, *see* Dkt. No. 11 at 5, and he was not terminated until more than seven months
later, in September of 2016, *see* Dkt. No. 47 at 48-55. Even so, "[d]emonstrating that
a decisionmaker was aware of an employee's protected activity certainly requires 'more
evidence than mere curious timing coupled with speculative theories.'" *EmCare*, 857
F.3d at 684 (quoting *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1197 (11th Cir.
1997)). And, because Harris "fails to produce any evidence that [the] decisionmaker[

– here, Larry Shaw – ]was aware of the protected activity, judgment as a matter of law should be granted" for Copart as to the retaliation claim. *Id.* (citations omitted).

## Recommendation

The Court should deny leave to amend [Dkt. No. 64], deny the motion to strike [Dkt. No. 63], grant the motion for summary judgment [Dkt. No. 45], and dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 27, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE